
FILED
AUG 15 2012

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

DALE W. HEBDA,

   Plaintiff,

-vs-

BRET J. LAMMERS, a/k/a Kip Lammers; and
WILDCAT FARMING PARTNERSHIP,

   Defendants.

CIV. 12-4050

ORDER RE MOTIONS
TO SET ASIDE DEFAULT
(DOCS 21 & 22)

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Pending are the motions of the defendants to set aside entry of default.[1]

## BACKGROUND

Dale Hebda served his complaint on Bret Lammers and Wildcat Farming Partnership on March 27, 2012. An answer was not served until May 1, 2012. In the meantime, on April 18, 2012, pursuant to Federal Rule of Civil Procedure 55(a) default was filed by the Clerk of Court because Lammers and Wildcat had not timely filed a response to Hebda's complaint.[2] Lammers and Wildcat have moved to set aside the default. There is a distinction between entry of default and entry of default judgment. Here we are dealing with entry of default.

## DISCUSSION AND DECISION

To justify setting aside default Lammers and Wildcat explain that they tried to hire a lawyer, but the lawyer could not see them for a week. When they did see him, he could not take

---

[1] Docs. 21 & 22.

[2] Doc. 10.

their case because of a potential conflict of interest.³ They made an appointment to see another lawyer, but he could not see them until April 30, 2012. By then the time for answering the complaint had expired. The next day, May 1, 2012, their lawyer filed an answer for each defendant. Defendants did not communicate with Hebda's lawyer within the time for answering to explain the problem they were having to find a lawyer or to ask for additional time to respond to the complaint. The Summons which had been served upon Lammers and Wildcat advised each that a lawsuit had been filed against each and that each had 21 days to respond to the complaint.⁴ The Summons also advised each of the identity of Hebda's lawyer, together with his address. Finally, the Summons advised each "[i]f you fail to respond, judgment by default will be entered against for the relief demanded in the complaint."⁵ Lammers and Wildcat argue "[t]his case is progressing and the defendant should not be held in default for being unable to get in to see an attorney . . . ."⁶

Hebda acknowledges he has not been prejudiced by the delay.⁷ But Hebda argues Lammers and Wildcat have not shown good cause under Rule 55(c) to justify setting aside the default. In addition to the absence of prejudice, Hebda argues that Rule 55(c) requires Lammers and Wildcat to show excusable neglect and that each has a meritorious defense.⁸ Hebda notes

---

³Docs. 21 & 22.

⁴Docs 3 & 4.

⁵Docs. 3 & 4.

⁶Docs. 21 & 22 p. 2.

⁷Doc. 24.

⁸Id. citing *Johnson v. Dayton Electric Manufacturing Company*, 140 F.3d 781, 783-84 (8th Cir. 1998).

that Lammers and Wildcat did not even see a lawyer within the time for answering the complaint.

Rule 55(c) motions to set aside default have previously been considered by the Eighth Circuit:

> Rule 55(c) provides that the district court may set aside an entry of default "[f]or good cause shown," and may set aside a default judgment "in accordance with Rule 60(b)." Although the same factors are typically relevant in deciding whether to set aside entries of default and default judgments, "[m]ost decisions ... hold that relief from a default judgment requires a stronger showing of excuse than relief from a mere default order." *Connecticut Nat'l Mortgage Co. v. Brandstatter*, 897 F.2d 883, 885 (7th Cir.1990); accord *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193-94 (6th Cir.1986); *784 *Meehan v. Snow*, 652 F.2d 274, 276-77 (2d Cir.1981). This is a sound distinction. There is a "judicial preference for adjudication on the merits," *Oberstar v. F.D.I.C.*, 987 F.2d 494, 504 (8th Cir.1993), and it is likely that a party who promptly attacks an entry of default, rather than waiting for grant of a default judgment, was guilty of an oversight and wishes to defend the case on the merits.[9]

Lammers and Wildcat have denied the substance of Hebda's allegations and have asserted affirmative defenses. It cannot be concluded on the pleadings that their denials and affirmative defenses are not meritorious any more than it can be concluded at this stage that Hebda's allegations are meritorious. Their reasons for not timely answering are not excusable neglect. But Hebda has not been prejudiced. And Rule 55(c) speaks of good cause. Rule 55(c) does not require excusable neglect to set aside a default, although excusable neglect is a factor to be considered. There is good cause to set aside the default judgment because the law favors resolution on the merits, there are facts to sort out to determine whether Hebda's allegations or whether the allegations of Lammers and Wildcat are more persuasive, Hebda has not suffered prejudice from the delay in answering, and the delay was short. A Scheduling Order is already in place. The trial court has discretion to grant or deny a motion to set aside default, but "when the

---

[9]*Johnson v. Dayton Electric Manufacturing Company*, 140 F.3d 781, 785 (8th Cir. 1998).

3

grant of a default judgment precludes consideration of the merits of a case, even a slight abuse of discretion may justify reversal."[10]

It is ORDERED that Lammer's motion (Doc. 21) and Wildcat's motion (Doc. 22) to set aside default are GRANTED and the entry of default (Doc. 10) is vacated.

Dated August 15, 2012.

John Simko

U.S. Magistrate Judge

---

[10] *Johnson v. Dayton Electric Manufacturing Company*, 140 F.3d 781, 785 (8th Cir. 1998).